UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JERROLD EUGENE DUBOSE,

                Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                Defendants.

25-CV-6906 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Brooklyn, New York, brings this action *pro se*. Plaintiff asserts claims against the 75th Precinct of the New York City Police Department (NYPD), "Brooklyn Methodist," and others. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that he was detained at the NYPD's 75th Precinct in Brooklyn for a violation of a desk appearance ticket. He states that he was "assaulted & medicated shackled,"

and that he "was drinking water from the toilet." (ECF 1 at 5.) Brooklyn, New York, is in Kings County, in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Because the events giving rise to Plaintiff's claims occurred in Kings County, venue is proper under Section 1391(b)(2) in the Eastern District of New York.

Plaintiff does not allege that any events giving rise to his claims took place within this district. Venue thus does not appear to be proper in this district under Section 1391(b)(2), based on the location where Plaintiff's claims arose. It is unclear if venue of Plaintiff's claims is proper in this district under Section 1391(b)(1), based on the residence of defendants, because Plaintiff does not allege facts about where defendants reside.

Even if venue is proper in the district where a case is filed, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a).

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See*

*Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (discussing deference to plaintiff's choice of venue in context of *forum non conveniens* analysis).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Kings County, where Plaintiff and several defendants reside. It is reasonable to expect that relevant documents and witnesses also would be in Kings County. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 26, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge