UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
JERROLD EUGENE DUBOSE,

                Plaintiff,

        -against-

CITY OF NEW YORK, *et al.*,

                Defendants.

------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-05032 (NRM) (CHK)

NINA R. MORRISON, United States District Judge**:**

    *Pro se* Plaintiff Jerrold Eugene Dubose filed this complaint in the United States District Court for the Southern District of New York on August 20, 2025. *See* Compl. ECF No. 1. On September 9, 2025, the Southern District transferred the action to this Court. *See* Transfer Order ECF No. 4. On August 28, 2025, Plaintiff filed an amended complaint, which now serves as the operative complaint. *See* Am Compl. ECF No. 5. The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the amended complaint is dismissed.

## BACKGROUND

    Plaintiff brings this action against the City of New York, Mayor Adams, the New York City Police Department, and Snipes, Inc., and alleges that his civil rights have been violated. Plaintiff's factual allegations state, in their entirety, as follows:

> Drinkin grape soda out of a toilet & getting damn near $300 surgically removed from my debit card at Snipes on Fulton[.] I need my $208 back on my card ASAP [illegible][.] Arrest if necessary[.] I expect my case back on my EFFN card by noon 12 o'clock not 12:01[.]

Am. Compl. at 5. Plaintiff seeks 20 million dollars in damages.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted). To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted).

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma*

*pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted).

## DISCUSSION

### I.    Plaintiff's Claims Are Frivolous

"An action is frivolous if it lacks an arguable basis in law or fact—*i.e.*, where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" *Scanlon v. Vermont*, 423 Fed. Appx. 78, 79 (2d Cir. 2011) (summary order) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (alteration in original)); *see also Denton v. Hernandez,* 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

Even giving the most liberal construction to Plaintiff's complaint, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court cannot find that a plausible cause of action has been alleged. Accordingly, the Court finds that Plaintiff's complaint lacks any arguable basis in law or in fact. *See Neitzke*, 490 U.S. at 325; *see also Albarran v. Apple*, No. 22-CV-7382 (LDH), 2023 WL 8622841, at *2 (E.D.N.Y. Dec. 13, 2023) (dismissing *pro se* complaint as frivolous where the Court could not discern what cognizable harm the plaintiff suffered); *Capers v. Interfaith Hosp.*, No. 22-CV-5471 (LDH), 2023 WL 8654019, at *2 (E.D.N.Y. Dec. 13, 2023) (same); *Burton v.*

*USA*, No. 21-CV- 6238 (BMC), 2022 WL 1093217, at *2 (E.D.N.Y. Apr. 12, 2022) (dismissing *pro se* plaintiff's complaint as frivolous because the allegations rise to the level of the irrational).

## II.    Plaintiff's Claims Fail to State a Claim for Relief

Even if Plaintiff's claims were not frivolous, the amended complaint fails to state a claim on which relief may be granted. Plaintiff asserts that his civil rights have been violated. Liberally construed, Plaintiff may be seeking to bring claims under § 1983 which provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).  To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

### A.  Plaintiff's Claims against the NYPD

The New York City Charter provides that "all actions and proceedings for the recovery of penalties for violation of any law shall be brought in the name of the City of New York and not that of any agency except where otherwise provided by law." N.Y. City Charter Ch. 17, § 396. The New York City Police Department ("NYPD"), as an agency of the City of New York, is not

4

an entity that can be sued. *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Gunn v. Stubbs*, No. 25-CV-02296 (NCM), 2025 WL 2403395, at *3 (E.D.N.Y. Aug. 19, 2025).

### B. Plaintiff's Claims against Mayor Adams

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). To establish personal involvement, a plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676). The complaint contains no plausible allegations that Mayor Adams had any personal involvement in the events alleged. *Thomas v. City of New York*, No. 24-CV-2534 (HJR), 2025 WL 1233184, at *4 (S.D.N.Y. Apr. 29, 2025) ("Because there are no allegations whatsoever indicating Mayor Adams was personally involved in the violations, Plaintiff's Section 1983 claims against Mayor Adams should be dismissed.").

### C. Plaintiff's Claims against the City of New York

To hold a municipality liable under Section 1983, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional" or other federal right." *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)); *see also Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 257 (2d Cir. 2020); *Myftari v. Dept. of Fin.*, No. 23-CV-02558 (HG), 2023 WL 3628584, at *2 (E.D.N.Y. May 24, 2023). Here, the Plaintiff fails to allege any facts to support an inference that an official policy or custom of the City of New York caused a violation of any federally protected right.

### D. Plaintiff's Claims against Snipes

The Constitution regulates only the conduct of government actors and not that of private parties. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). "[P]rivate conduct, no matter how discriminatory or wrongful," is generally beyond the reach of § 1983. *American Manufacturers Mutual Insurance Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). While private parties generally are not state actors, their conduct can be attributed to the state for § 1983 purposes if "(1) the State compelled the conduct [the "compulsion test"], (2) there is a sufficiently close nexus between the State and the private conduct [the "joint action test" or "close nexus test"], or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the state [the "public function test"]." *Hogan v. A.O. Fox Mem'l Hosp.*, 346 F. App'x 627, 629 (2d Cir. 2009) (summary order) (citing *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)). The "fundamental question under each test is whether the private entity's challenged actions are fairly attributable to the state." *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (internal quotation marks omitted). Plaintiff's complaint fails to allege any facts suggesting that Snipes is a state actor, that its actions are "fairly attributable to the state," that Snipes conspired with or engaged in joint activity with state actors, or that it violated any of Plaintiff's constitutional rights.

### CONCLUSION

Plaintiff's amended complaint, filed *in forma pauperis*, is dismissed as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

The Court has considered whether to grant Plaintiff an opportunity to once again amend his complaint but has determined that further amendment would be futile. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to

amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend."); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Taylor v. Securus Techs., Inc.*, No. 25-CV-1416 (PKC), 2025 WL 1181713, at *2 (E.D.N.Y. Apr. 23, 2025).

The Clerk of Court is respectfully directed to enter judgment dismissing the action, mail a copy of the Memorandum and Order to Plaintiff, and note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ Nina R. Morrison
NINA R. MORRISON
United States District Judge

Dated: October 17, 2025
    Brooklyn, New York